

**ORDERED in the Southern District of Florida on January 25, 2021.**

                                                **Robert A. Mark, Judge**
                                                **United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | CASE NO. 20-14606-RAM |
| | CHAPTER 7 (INVOLUNTARY) |
| LE JARDIN RESIDENCES MANAGER, LLC, | |
|         Debtor. | |

**ORDER (1) RESERVING
RULING ON PETITIONING CREDITOR'S
MOTION FOR SUMMARY JUDGMENT; AND (2)
DENYING ALLEGED DEBTOR'S MOTION TO STRIKE**

The Court conducted a hearing on January 19, 2021 on Petitioning Creditor's Motion for Summary Judgment (the "Summary Judgment Motion") [DE# 47] and on the Alleged Debtor's Motion to Strike Nadezda Danilochkina's Affidavit and Motion and/or Continue Motion for Summary Judgment Hearing (the "Motion to Strike") [DE# 55]. The Court has considered the record, including the Joint Pretrial Stipulation [DE# 42], the Summary Judgment Motion, the Alleged

Debtor's Response to Motion for Summary Judgment [DE# 51], and Petitioning Creditor's Reply to Debtor's Response [DE# 54]. The Court has also considered the record in the chapter 11 case of Le Jardin House, LLC, Case No. 19-19182 (the "House Case"), including, in particular, the contested matter on the House Debtor's objection to Claim #4 and Claim #5 [DE# 176 in 19-19182]. Claim #4 was filed by the Alleged Debtor in this case. Claim #5 was filed by Le Jardin Residences Lenders LLC ("Lenders"). The Alleged Debtor is the manager of Lenders.

The Court has also considered the arguments of counsel presented at the January 19th hearing, and has reviewed applicable law, including, in particular, decisions considering whether to abstain from administering involuntary cases that are basically two-party disputes between the petitioning creditor and the alleged debtor.

The Court finds and concludes as follows:

A.    On October 14, 2016, the Petitioning Creditor obtained a final judgment against the Alleged Debtor in the amount of $505,500 in Case No. 2015-028337-CA-01, Circuit Court, Miami-Dade County, Florida (the "2015 Case"). The judgment is final and is a debt that is not subject to bona fide dispute as to liability or amount;

B.    The Alleged Debtor has not paid the final judgment and is therefore generally not paying its debts as that term is used in 11 U.S.C. § 303(h)(1).

2

C. On September 18, 2017, the Alleged Debtor filed a state court complaint against the Petitioning Creditor and others, Case No. 2017-022215-CA-01 (the "First 2017 Lawsuit").

D. On October 19, 2017, the Petitioning Creditor filed a state court complaint against the Alleged Debtor and Lender (the Second 2017 Lawsuit").

E. The 2015 Case, the First 2017 Lawsuit, and the Second 2017 Lawsuit (collectively, the "State Court Cases") are all pending before Circuit Court Judge Peter Lopez.

F. The House Debtor is a party defendant in one or more of the State Court Cases and, according to counsel for the Alleged Debtor, Judge Lopez has stated that he will not move forward with the State Court Cases in any respect until this Court resolves the claims filed in the House Case by the Alleged Debtor and by Lender.

G. There is no *per se* rule precluding a sole creditor from obtaining involuntary bankruptcy relief under § 303 of the Bankruptcy Code. *Federal Financial Co v. DeKaron Corp.*, 261 B.R. 61 (S.D. Fla. 2001). However, dismissal or suspension under § 305 may be appropriate when the case constitutes a two-party dispute between the alleged debtor and a single creditor. 2 *Collier on Bankruptcy* ¶ 305.02[2][d] (16th ed. 2021); *In re Bos*, 561 B.R. 868, 898-900 (Bankr. N.D. Fla. 2016); *Remex Electronics Ltd. V. Axl Industries, Inc. (In re Axl Industries, Inc.)*, 127 B.R. 482, 484 (S.D. Fla. 1991).

H. A relevant factor in deciding whether to abstain is whether the petitioning creditor has an adequate remedy of law in a non-bankruptcy forum. *In re Mountain Dairies, Inc.*, 372 B.R. 623, 635 (Bankr. S.D.N.Y. 2007); *In re Axl Industries, Inc.*, 127 B.R. at 484. In theory, the Petitioning Creditor here has an adequate remedy because it has a final judgment against the Alleged Debtor in the 2015 Case and that judgment is enforceable under state law. However, as described above, the judgment was entered in one of three consolidated State Court Cases that are not moving forward until the claims against the House Debtor are resolved in the House Case.

I. It is unlikely that resolution of the Alleged Debtor's claim against the House Debtor will resolve the claims by and between the Petitioning Creditor and the Alleged Debtor, but resolving the claims against the House Debtor should change the landscape in the State Court Cases and remove obstacles presently impacting the Petitioning Creditor's ability to proceed with enforcement of its judgment in the state court.

J. If this Court enters an Order for Relief in this case, it is likely that this Court will become embroiled in several issues pending in the State Court Cases.

K. On May 5, 2020, shortly after the involuntary petition was filed, and while it was pending in the Broward Division, Judge Hyman entered an Order Granting Petitioning Creditor's Emergency Motion for Appointment of an Interim Chapter 7 Trustee or, in the

Alternative, for an Order Enjoining the Debtor and all other Persons from Transferring, Conveying, Selling, Disposing or Encumbering any Property of the Debtor (the "Bank Account Injunction") [DE# 8]. The Bank Account Injunction protects the Petitioning Creditor's claims to the proceeds in a Wells Fargo account in the name of the Alleged Debtor's affiliate, Lenders.

L.   Counsel for the Alleged Debtor has stipulated that the Bank Account Injunction will remain in place if this case is abated pending resolution of the claim objections in the House Case.

Based upon the foregoing findings and conclusions, the Court will abate this case.  Abstention and dismissal may be justified because this is a two-party dispute.  However, dismissal will dissolve the Bank Account Injunction and, given the present posture of the State Court Cases, it may be very difficult for the Petitioning Creditor to obtain comparable injunctive relief in the state court.  For these reasons, it is -

**ORDERED** as follows:

1.   The Court reserves ruling on the Summary Judgment Motion.

2.   The Motion to Strike is denied.

3.   This case is abated without prejudice to the Petitioning Creditor or the Alleged Debtor moving to lift the abatement after the Court decides the contested matter  on the House Debtor's objection to Claim #4 and Claim #5 [DE# 176 in 19-19182].

4. The Bank Account Injunction remains in full force and effect.

###

COPIES TO:

Victor K. Rones, Esq.
Brett D. Lieberman, Esq.